UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANDREW D. WETZEL** | **CIVIL ACTION** |
| **versus** | **NO. 13-6200** |
| **JERRY GOODWIN, WARDEN** | **SECTION: "N" (1)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Andrew D. Wetzel, is a state prisoner incarcerated at the David Wade Correctional Center in Homer, Louisiana. In the instant federal application, he challenges his convictions in case numbers 437719, 439156, 440180, 446758, and 448399 on the docket of the Louisiana Twenty-Second Judicial District Court.

On June 6, 2008, he pleaded guilty in all cases and was sentenced as follows:

In case number 437719, he pleaded guilty to one count of theft and one count of bank fraud; he was sentenced on each count to a term of five years imprisonment; those sentences were suspended; and he was placed five years probation.[1]

In case number 439156, he pleaded guilty to one count of bank fraud; he was sentenced to a term of five years imprisonment; that sentence was suspended; and he was placed on five years probation.[2]

In case number 440180, he pleaded guilty to one count of theft, one count of unauthorized use of an access card, and one count of bank fraud; he was sentenced on each count to a term of five years imprisonment; those sentences were suspended; and he was placed on five years probation.[3]

In case number 446758, he pleaded guilty to one count of unauthorized use of a motor vehicle and one count of simple escape; he was sentenced on the conviction of unauthorized use of a motor vehicle to a term of five years imprisonment and on the simple escape conviction to a term

---

[1] State Rec., Vol. I of VI, transcript of June 6, 2008; State Rec., Vol. I of VI, minute entry dated June 6, 2008.

[2] State Rec., Vol. I of VI, transcript of June 6, 2008; State Rec., Vol. IV of VI, minute entry dated June 6, 2008.

[3] State Rec., Vol. I of VI, transcript of June 6, 2008; State Rec., Vol. II of VI, minute entry dated June 6, 2008.

of one year imprisonment; those sentences were suspended; and he was placed on five years probation.[4]

In case number 448399, he pleaded guilty to one count of injuring public records; he was sentenced to a term of five years imprisonment; that sentence was suspended; and he was placed on five years probation.[5]

On October 19, 2009, his probation was revoked and he was ordered the serve the original terms of imprisonment in each of the five cases.[6]

No direct appeal was taken with respect to any of the foregoing criminal cases. However, petitioner sought state post-conviction relief on various occasions, but his efforts were unsuccessful.

On October 1, 2013, petitioner filed the instant federal application for *habeas corpus* relief.[7] In support of his application, he asserts the following claims:

    1.    Petitioner's counsel was ineffective for failing (a) to object that the sentence did not conform to the plea agreement and (b) to file an appeal; and

---

[4] State Rec., Vol. I of VI, transcript of June 6, 2008; State Rec., Vol. III of VI, minute entry dated June 6, 2008.

[5] State Rec., Vol. I of VI, transcript of June 6, 2008; State Rec., Vol. V of VI, minute entry dated June 6, 2008.

[6] State Rec., Vols. I, II, III, IV, and IV of VI, minute entries dated October 19, 2009.

[7] Rec. Doc. 1.

      2.      Petitioner's guilty plea was involuntary because he was misinformed as to the details of his plea agreement.

### I.  Motion to Withdraw Unexhausted Claim

Pursuant to 28 U.S.C. § 2254(b)(1)(A), a petitioner normally must first exhaust his remedies in the state courts before seeking *habeas corpus* relief from the federal courts.  "To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts." <u>Wilder v. Cockrell</u>, 274 F.3d 255, 259 (5th Cir. 2001) (internal quotation marks omitted).  That requirement applies to *all levels of review in the state court system*, meaning that a petitioner's federal claim must have been "fairly presented" to "*each* appropriate state court (including a state supreme court with powers of discretionary review)."  <u>Baldwin v. Reese</u>, 541 U.S. 27, 29 (2004) (emphasis added).

The state argues that petitioner failed to exhaust his state court remedies with respect to the first part of his ineffective assistance claim, i.e. that his counsel was ineffective for failing to object that the sentence did not conform to the plea agreement.  A review of the state court record does in fact show that, although petitioner asserted that claim in his writ applications filed with the Louisiana First Circuit Court of Appeal in case number 2013-KW-0033 and the Louisiana Supreme Court in case number 2013-KH-0626,[8] the claim was *not* included in the related underlying motion filed with the state district court.[9]  Apparently recognizing the validity of the state's argument and

---

[8] Copies of those writ applications appear in Volume VI of the state court record.

[9] State Rec., Vol. I of VI, "Motion to Set Aside of Withdraw Guilty Plea & Reinstate Appeal Rights."

- 4 -

wishing to avoid dismissal of his federal application on that basis, petitioner has filed a motion with this Court asking to withdraw his unexhausted claim.[10] It is clear that a petitioner may avoid dismissal of a mixed petition by "amending or resubmitting the habeas petition to present only exhausted claims to the district court." Rose v. Lundy, 455 U.S. 509, 510 (1982); see also Neslo v. Cain, No. 97-31025, 1998 WL 546499, at *1 (5th Cir. Aug. 10, 1998) ("Prisoners who submit mixed petitions are entitled to resubmit a petition with only exhausted claims or to exhaust the remainder of their claims."). Accordingly, it is recommended that petitioner's request to withdraw his unexhausted claim, i.e. that his counsel was ineffective for failing to object that the sentence did not conform to the plea agreement, be granted.

## II. Remaining Claims

The state argues that plaintiff's remaining claims, i.e. that his counsel was ineffective for failing to file an appeal and that his guilty plea was involuntary because he was misinformed as to the details of his plea agreement, are procedurally barred. For the following reasons, the state is correct.[11]

---

[10] Rec. Doc. 18.

[11] The state also argues that, due to statutory tolling, petitioner's federal application is timely with respect to some of the convictions challenged herein but not others. However, due to the interrelated nature of all of the convictions, which were handled simultaneously by the state courts, this Court is unconvinced by the state's argument that the various post-conviction filings related to only some of the convictions but not others; it is just as conceivable that petitioner, who was acting *pro se*, was seeking the same relief with respect to all of the convictions on the same grounds – just as he now does in this Court. Because the timeliness argument is suspect at best, and because petitioner's remaining claims are procedurally barred in any event, the undersigned recommends that the claims simply be dismissed on that basis out of an abundance of caution. See, e.g., Gordon v. Cain, Civ. Action No. 12-1884, 2013 WL 3833076, at *2 n.22 (E.D. La. July 22, 2013) ("A federal *habeas* court may pretermit a ruling on timeliness when it can more easily dispose of a petition on other grounds."); see also Brooks v. McCoy, No. 5:11-HC-2222-F, 2012 WL 3629233, at *4 (E.D.N.C. Aug. 22, 2012).

>The United States Fifth Circuit Court of Appeals has held:
>
>>A claim that a state has withheld a federal right from a person in its custody may not be reviewed by a federal court if the last state court to consider that claim expressly relied on a state ground for denial of relief that is both independent of the merits of the federal claim and an adequate basis for the court's decision. To satisfy the "independent" and "adequate" requirements, the dismissal must "clearly and expressly" indicate that it rests on state grounds which bar relief, and the bar must be strictly or regularly followed by state courts, and applied to the majority of similar claims. This rule applies to state court judgments on both substantive and procedural grounds.

Finley v. Johnson, 243 F.3d 215, 218 (5th Cir. 2001) (citations omitted).

With respect to petitioner's exhausted claims, the Louisiana Supreme Court clearly denied those claims on procedural grounds, specifically citing La. Code Crim. P. article 930.8 and State *ex rel.* Glover v. State, 660 So.2d 1189 (La. 1995).[12] Article 930.8 sets forth the limitations period for filing applications for post-conviction relief, while the Glover decision held that an appellate court is not precluded from denying relief pursuant to article 930.8 even if the lower court did not consider timeliness. It is beyond cavil that article 930.8 and the Glover decision qualify as independent and adequate rules to support a procedural bar in federal court. Glover v. Cain, 128 F.3d 900, 902 (5th Cir. 1997); see also Morris v. Cain, No. 06-30916, 2008 WL 3876479 (5th Cir. Aug. 20, 2008); Pineyro v. Cain, 73 Fed. App'x 10, 11 (5th Cir. 2003); Tolbert v. Cain, Civ. Action No. 08-435, 2009 WL 1309851, at *2 (M.D. La. May 11, 2009); Lott v. Travis, Civ. Action No. 08-

---

[12] State *ex rel.* Wetzel v. State, 119 So.3d 600 (La. 2013) (No. 2103-KH-0626); State Rec., Vol. I of VI.

1390, 2008 WL 4964797, at *7-8 (E.D. La. Nov. 18, 2008); MacCracken v. Louisiana, Civ. Action No. 07-9540, 2008 WL 2951214, at *10 (E.D. La. July 25, 2008).[13]

Because petitioner's exhausted claims were denied based on independent and adequate state procedural rules, federal review of those claims "is barred unless the petitioner demonstrates either cause and prejudice or that a failure to address the claim will result in a fundamental miscarriage of justice." Hughes v. Johnson, 191 F.3d 607, 614 (5th Cir. 1999). In the instant case, petitioner demonstrates neither.

"To establish cause for a procedural default, there must be something *external* to the petitioner, something that cannot fairly be attributed to him." Johnson v. Puckett, 176 F.3d 809, 816 (5th Cir. 1999) (quotation marks omitted). Here, petitioner has not shown cause for his default. "Absent a showing of cause, it is not necessary for the court to consider whether there is actual prejudice." Martin v. Maxey, 98 F.3d 844, 849 (5th Cir. 1996).

Because petitioner has not met the "cause and prejudice" test, this Court need consider his exhausted claims only if the application of the procedural bar would result in a

---

[13] The Court is aware that petitioner argues that the state court misapplied article 930.8, opining that he had filed a motion to withdraw his guilty plea and that the referenced article simply does not apply to such a motion. Rec. Doc. 14, p. 2. As an initial matter, it is noted that article 930.8 is a provision of state law and, as such, its interpretation is generally left to the state courts. See. e.g., Hill v. Tanner, Civ. Action No. 12-369, 2012 WL 4059899, at *11 n.41 (E.D. La. July 5, 2012), adopted, 2012 WL 4059898 (E.D. La. Sept. 14, 2012). Second, in any event, petitioner's argument has no merit. Because he had already been sentenced, his opportunity to file a true motion to withdraw his plea had passed and, accordingly, his request was necessarily considered to be an application for post-conviction relief. See, e.g., State v. Stewart, 902 So.2d 440, 447-48 (La. App. 5th Cir. 2005); see also Shelton v. Leblanc, Civ. Action No. 05-1852, 2005 WL 3543949, at *6 (E.D. La. Nov. 21, 2005). Therefore, his motion, regardless of how he styled it, was subject to the rules for seeking post-conviction relief, including the limitations period provided in article 930.8. State ex rel. Chauvin v. State, 814 So.2d 1 (La. App. 1st Cir. 2000).

"fundamental miscarriage of justice." However, in order to establish that there would be a "fundamental miscarriage of justice," a petitioner must "make a persuasive showing that he is actually innocent of the charges against him. Essentially, the petitioner must show that, as a factual matter, he did not commit the crime for which he was convicted." Finley v. Johnson, 243 F.3d 215, 220 (5th Cir. 2001) (citations omitted). Petitioner has not made that showing. To the contrary, he has under oath admitted his guilt by pleading guilty to the charges of which he stands convicted, and he has in no way demonstrated that he is actually innocent. See, e.g., Lott v. Hargett, 80 F.3d 161, 166 (5th Cir. 1996); Hill v. Tanner, Civ. Action No. 12-369, 2012 WL 4059899, at *12 (E.D. La. July 5, 2012), adopted, 2012 WL 4059898 (E.D. La. Sept. 14, 2012); Weathersby v. Louisiana, Civ. Action No. 08-3729, 2010 WL 4022804, at *3 (E.D. La. Sept. 14, 2010), adopted, 2010 WL 4000602 (E.D. La. Oct. 8, 2010). Therefore, he has not established that any miscarriage of justice will result from the application of the procedural bar.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that petitioner's motion to withdraw his unexhausted claim, Rec. Doc. 18, be **GRANTED**.

**IT IS FURTHER RECOMMENDED** the petitioner's remaining claims for *habeas corpus* relief be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[14]

  New Orleans, Louisiana, this eleventh day of February, 2014.

                    **SALLY SHUSHAN**
                    **UNITED STATES MAGISTRATE JUDGE**

---

[14] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.